## Daveler v. Fisher

*Guy K. Bard,* for plaintiff.
*Harris C. Arnold* and *John A. Coyle,* for defendant.

GROFF, P. J., October 10, 1931.—This is a rule for a more specific statement. The action is one of trespass. Under the practice prior to the Act of May 14, 1915, P. L. 483, defendant could have asked for a bill of particulars, but that has become obsolete, since the Practice Act provides for a statement in a short and concise manner of plaintiff's cause of action.

Plaintiff, among other items, says in paragraph nine of his statement of claim that:

"Plaintiff has been compelled to incur various debts and liabilities in the procurement of medicines and other incidentals made necessary by reason of the aforesaid injuries."

In paragraph ten he sets out that:

"Plaintiff was compelled to hire a man for a considerable time and expend wages due to his own incapacitation, which incapacitation was the direct result of the collision with the defendant's automobile."

We feel that, under the Practice Act of 1915, defendant is entitled to know just what plaintiff expended for these items, so that he may properly prepare to defend against them if they are wrong.

Every statement of plaintiff's claim drawn in compliance with the Practice Act embodies a bill of particulars, whether it is in assumpsit or in trespass, and if no such bill of particulars is included the defendant may do one of two things. He may move to strike off an insufficient statement or, if it is not insufficient, he may obtain a rule for a more specific statement.

In Bollinger *v.* Greenaway, Jr., 38 Lanc. Law Rev. 588, which is a case decided by Wanner, P. J., it is held in the syllabus that:

"1. In an action of trespass for an injury to an automobile, punitive damages from their nature cannot be itemized, and the statement of claim need not contain any itemized averment as to them; but it is fatally defective if it does not set forth the amount of the alleged depreciation in the value of the automobile and the several items paid for necessary repairs.

"2. The provisions of section 13 of the Practice Act of May 14, 1915, P. L. 483, relieving defendant in an action of trespass from filing an affidavit of defense denying certain allegations as to damages claimed, does not relieve plaintiff from setting forth a detailed statement of the alleged damages.

"3. In such a case, all claims for damages which are susceptible of being itemized or otherwise set forth in detail must be so presented in the statement of claim."

The above, together with the cases cited therein, convinces us that the plaintiff's statement does not set out with sufficient particularity the value of the various items making the sum total of the damages claimed. For this reason we make the rule for a more specific statement absolute.

Rule made absolute.                    George Ross Eshleman, Lancaster, Pa.